IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL E. WEBER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-867 (MN) ) |
| MICHAEL S. LITTLE, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction**. Plaintiff Paul E. Weber ("Plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 on June 12, 2018. (D.I. 3). Before the Court are numerous motions filed by the parties. (D.I. 27, 30, 31, 34, 37, 41, 45).

2. **Background**. The Complaint alleges Defendants Michael Little ("Little") and Timothy T. Martin ("Martin") violated Plaintiff's right to access to the courts. Defendants have filed a motion to dismiss. (D.I. 27). Plaintiff opposes the motion and also moves to strike Exhibit A attached to Defendants' motion to dismiss. (D.I. 31). Two months after Defendants filed their motion to dismiss, Plaintiff filed a supplemental and amended complaint (docketed as a motion to amend) and Defendants moved to strike the filing. (D.I. 34, 37). Plaintiff, who apparently realized that he needed leave to amend, then filed a motion for leave to amend the complaint, and it is opposed by Defendants. (D.I. 41, 43). Plaintiff has also filed a motion for judicial notice and a motion for injunctive relief. (D.I. 30, 45).

3. **Motion to Dismiss and Motions to Amend**. Given the posture of the case, the Court will deny without prejudice to renew Defendants' motion to dismiss. The Court will also deny without prejudice to renew Plaintiff's motions for leave to amend. Plaintiff will be given a

time certain to file a renewed motion for leave to amend. Plaintiff is admonished that a proposed amended complaint must contain all allegations in one pleading and must comply with the Local Rules of this Court. Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Defendants may renew their motion to dismiss the original complaint should Plaintiff fail to timely file a renewed motion to file an amended complaint.

4. **Judicial Notice**. Plaintiff moves the Court for judicial notice of state and federal judicial decisions that form the basis of his underlying claims. (D.I. 30). The Court "may take judicial notice of another court's opinion -- not for the truth of the facts recited therein, but for the existence of the opinion. . . ." *See Albion Eng'g Co. v. Hartford Fire Ins. Co.*, __ F. App'x __, 2019 WL 3020926, n.29 (3d Cir. 2019) (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)). Typically, Courts are asked to take judicial notice when ruling on dispositive motions. At this juncture, the motion will be denied without prejudice.

5. **Injunctive Relief**. On June 28, 2019, Plaintiff filed a motion for injunctive relief seeking return of documents Bryan Engrem ("Engrem") allegedly confiscated on February 13, 2019, and then refused to return them.[1] Engrem is not a named defendant, however, Plaintiff has indicated that he seeks to amend to add him as a defendant in this action. Plaintiff alleges the legal papers concerned Ground IX of his habeas petition that is currently pending in

---

[1] In the motion Plaintiff provides a date of February 13, 2018, not 2019. However, all documents submitted indicated the actual date is February 13, 2019.

this court. He describes the documents as "legal files, affidavits, and notes and correspondence from witnesses to the breach of the plea agreement." (D.I. 45 ¶ 4). Plaintiff states the reason given for the confiscation of the documents is that some of the affidavits were prepared in the names of other people. Plaintiff states the confiscated documents are critical to his petition for writ of habeas corpus and without them, he will be unable to proceed with his claim.

6. Plaintiff submitted a grievance regarding the matter and it was denied. (*Id*. ¶ 8, Exhibit A at A-1). The informal grievance resolution states that Plaintiff had typed a five page affidavit for an individual other than Plaintiff. (*Id*., Exhibit A at A-3). The affidavit was confiscated after Plaintiff was informed that he could not type up documents for another person and that the person for whom the affidavit was drafted could prepare her own affidavit. (*Id*.). Plaintiff filed an emergency motion for sanctions in the habeas case also complaining that his documents and papers were confiscated. *See Weber v. Metzger*, No. 13-283-LPS, at D.I. 53 (D. Del.). The motion was denied. *Id.* at D.I. 56.

7. Defendants provided the declaration of Engrem who states that he confiscated a five page document titled "Affidavit of Nancy Barbara Weis" while Plaintiff was in the prison law library on February 13, 2019. (D.I. 48 at Exhibit A ¶¶ 4-5). Engrem states that he did not confiscate any other documents from Plaintiff. (*Id*.). Engrem further states that he is unaware of additional documents belonging to Plaintiff that were confiscated by other prison staff. (*Id*.). Defendants also provide two affidavits signed by Weis; one on March 4, 2019 and one April 2, 2018. (*Id*. at Exhibits C and D).

8. A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and

(4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

9. Plaintiff asserts that Engrem confiscated his legal papers relative to Count IX of his pending habeas corpus petition. Plaintiff mentions documents in general such as legal files, affidavits, and notes and correspondence from witnesses. Engrem, on the other hand, specifically refers to the draft Weis affidavit that he confiscated and specifically states that he did not confiscate any additional documents created by or belonging to Plaintiff. In addition, Defendants provide the Court with two affidavits signed by Weis after the February 2019 confiscation. The affidavits were signed in March and April 2019 that Plaintiff filed them in his habeas corpus case.

10. The evidence of record indicates that the draft Weiss affidavit was confiscated from Plaintiff and that he subsequently obtained signed affidavits from Weiss. While Plaintiff contends that Engrem took other documents and materials, Engrem denies this. Hence, Plaintiff has failed to demonstrate the likelihood of success on the merits. Nor has Plaintiff demonstrated irreparable harm. His habeas corpus petition remains pending and nothing indicates he is precluded from

filing additional documents or evidence in the case.  In addition, Ground IX, the claim he alleges is affected by the confiscated documents, was thoroughly briefed when Plaintiff was represented by counsel in the habeas case.  *See Weber*, No. 13-283-LPS at D.I. 1, 2.  In light of the forgoing, the Court finds that Plaintiff has neither demonstrated the likelihood of success on the merits, nor demonstrated irreparable harm to justify the issuance of immediate injunctive relief.  Therefore, the motion will be denied.

11.  **Conclusion**.  Based upon the above discussion, the Court will:  (1) deny without prejudice Defendants' motion to dismiss (D.I. 27); (2) deny as moot Plaintiff's motion for judicial notice and Plaintiff's motion to strike (D.I. 30, 31); (3) deny without prejudice to renew Plaintiff's motions to amend (D.I. 34, 41); (4) deny as moot Defendants' motion to strike (D.I. 37); and (5) deny Plaintiff's motion for injunctive relief (D.I. 45).  A separate order shall issue.

_____
Honorable Maryellen Noreika
United States District Judge

August 9, 2019
Wilmington, Delaware