IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL E. WEBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-867 (MN) |
| ) | |
| MICHAEL S. LITTLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Paul E. Weber, James T. Vaughn Correctional Center, Smyrna, DE – *Pro Se* Plaintiff

Victoria R. Sweeney, Deputy Attorney General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE – Attorney for Defendants

March 3, 2021
Wilmington, DE

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Paul E. Weber ("Plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, commenced this action on June 12, 2018. (D.I. 3). He proceeds *pro se* and has paid the filing fee. Plaintiff filed an Amended Complaint on March 25, 2020. (D.I. 58). Defendants move to dismiss the Amended Complaint,[1] and Plaintiff moves to strike Defendants' reply brief. (D.I. 70, 80). This Court also screens the Amended Complaint pursuant to 28 U.S.C. § 1915A(a).[2]

## I. BACKGROUND

The Amended Complaint alleges violations of federal constitutional rights under 42 U.S.C. §§ 1983, 1985(2) and (3) and 1986 as well as violations of state constitutional rights. (D.I. 58 ¶¶ 4, 5). Plaintiff alleges that Defendants Michael S. Little ("Little"), Timothy Martin ("Martin"), Brian Engram ("Engram"), and Joe Doe ("Doe"), all of whom are sued in their individual and official capacities, obstructed Plaintiff's access to the courts on a number of occasions and retaliated against him for filing this civil rights action. (*Id*. ¶¶ 2, 11). Plaintiff also names Defendant Andrew Peruchi ("Peruchi") who is sued in his official capacity. (*Id*. ¶ 12). Plaintiff also alleges "a conspiracy motivated by a class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws." (*Id*. ¶ 3). For relief Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id*. ¶¶ 44-46).

---

[1] It is not clear if Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or move to dismiss for failure to state claims upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (*See* D.I. 70 at 3-4).

[2] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 752 (3d Cir. 2005).

Defendants move for dismissal on the grounds that: (1) the Amended Complaint fails to state claims upon which relief can be granted for (a) access to the courts, and (b) retaliation; (2) Plaintiff fails to allege that Defendants were personally involved in the alleged wrongs committed against him; (3) the claims against them in their official capacities seeking monetary damages are barred by the Eleventh Amendment; (4) the claims for injunctive relief fail because Plaintiff has not alleged an immediate threat of harm; and (5) they are entitled to qualified immunity. Plaintiff opposed and Defendants filed a reply brief. (D.I. 76, 79).3

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See e.g.*, *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

---

3   Plaintiff moves to strike Defendants' reply on the grounds that it is deceptive. (D.I. 80). Defendants oppose the motion. (D.I. 81). Having reviewed the motion and its opposition, this Court will deny the motion to strike.

2

When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings,

3

public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.  Rule 12(c)**

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the motion alleges that the plaintiff failed to state a claim upon which relief can be granted. *See Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Revell v. Port Auth. of N.Y., N.J.,* 598 F.3d 128, 134 (3d Cir. 2010). In ruling on a motion for judgment on the pleadings, the court is generally limited to the pleadings. *See Mele v. Federal Reserve Bank of N.Y.,* 359 F.3d 251, 257 (3d Cir. 2004). The Court may, however, consider documents incorporated into the pleadings and those that are in the public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Pursuant to Rule 12(c), a party may move for judgment on the pleadings "[a]fter pleadings are closed – but early enough not to delay trial." When evaluating a defendant's motion for judgment on the pleadings, the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the non-moving party. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008); *see also Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). A Rule 12(c) motion will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau*, 539 F.3d at 221.

"The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d

4

612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents integral to pleadings may be considered in connection with Rule 12(c) motion). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Burlington Coat Factory*, 114 F.3d at 1420. Ultimately, a motion for judgment on the pleadings can be granted "only if no relief could be afforded under any set of facts that could be proved." *Turbe*, 938 F.2d at 428.

### III. DISCUSSION

#### A. 42 U.S.C. § 1983

Plaintiff raises access to the courts and retaliation claims under 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### B. Access to the Courts

Defendants move to dismiss Plaintiff's denial of access to the courts claim on the grounds that he fails to state a claim upon which relief may be granted. Plaintiff argues that he sufficiently pled the claim.

"Prisoners have a constitutional right of meaningful access to the courts." *Islaam v. Kubicki*, __ F. App'x __, 2020 WL 7233089, at *1 (3d Cir. Dec. 8, 2020) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). 'To establish a cognizable access-to-courts claim, a complainant must demonstrate: (1) an 'actual injury' (*i.e.*, a lost opportunity to pursue a nonfrivolous claim); and (2) there is no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim." *Islaam*, 2020 WL 7233089, at *1 (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir.

2008). "To establish actual injury, '[t]he complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy."'" *Id.* (citations omitted).

In addition, inmates have no "freestanding right to a law library or legal assistance." *See Lewis v. Casey*, 518 U.S. at 351. To succeed on an access-to-courts claim, an inmate must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. *Rieco v. Moran*, 633 F. App'x 76, 79 (3d Cir. 2015) (citing *Lewis v. Casey*, 518 U.S. at 351).

The Amended Complaint alleges that Defendants failed to assist and/or actively obstructed Plaintiff's ability to access the courts for the purpose of challenging his criminal conviction and sentence. (D.I. 58 ¶ 13). It alleges there is limited access to paper versions of caselaw, limited access to "a strangely configured and truncated version of LexisNexis CD," no meaningful access to ancillary legal materials many of which are out of date, a limited number of computers for use by inmates, an inadequate mail-in query system for research, an ineffectual and futile written request policy, and limited law library access. (*Id*. ¶¶ 15-34).

The allegations indicate that Plaintiff was not denied access to the law library; rather, his time was limited in a way that he personally found unacceptable, he is unhappy the JTVCC law library switched its computer assisted legal research provider, and takes issues with the law library access following the 2017 prison uprising. *See Lewis v. Casey*, 518 U.S. at 355 (emphasizing that prisons must provide tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration"). *Gannaway v. Berks Cty. Prison*, 439 F. App'x 86, 91 n.5

6

(3d Cir. 2011). To the extent Plaintiff alleges denial or obstruction of access to the courts based upon an inferior legal library, legal assistance, or inadequate time provided for research in the law library, the claims fails.

This Court turns next to the allegations concerning specific litigation Plaintiff has pursued, as follows:

          1.        **Interference and Obstruction of Plaintiff's Habeas Corpus Action**

Plaintiff alleges that on February 13, 2019, Engram confiscated Plaintiff's entire record for Ground IX of his habeas petition – the breach of plea agreement issue. (D.I. 58 ¶ 36, 39). Plaintiff alleges that Engram confiscated draft and finished affidavits that he intended to use to make a prima facie showing for an evidentiary hearing in his pending habeas corpus case, *Weber v. Metzger*, C.A. No. 13-283-LPS (D. Del.). (*Id*. ¶¶ 40-45). Plaintiff alleges that he was harmed by the seizures of his legal papers and legal documents when he was forced to present an inferior argument to support his habeas claim. (*Id*. ¶ 48).

Defendants argue dismissal is appropriate because Plaintiff raised this issue when seeking injunctive relief in this case and this Court denied the motion. (*See* D.I. 45, 50). In denying the motion for injunctive relief, the Court observed that Plaintiff's "habeas corpus petition remains pending and nothing indicates he is precluded from filing additional documents or evidence in the case. In addition, Ground IX, the claim he alleges is affected by the confiscated documents, was thoroughly briefed when Plaintiff was represented by counsel in the habeas case." (D.I. 50 at 4-5). This Court takes judicial notice that Plaintiff's motion for an evidentiary hearing was denied because he "has not indicated any evidence other than that already contained in the record that would help advance his claims." *See Weber v. Metzger*, C.A. No. 13-283-LPS at D.I. 93.

Notably, Plaintiff alleges that he was unable to file certain documents in his habeas corpus case that remains pending. "[O]nly prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation." *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003). *See also Wiggins v. Logan*, 345 F. App'x 811, 814 (3d Cir. 2009); *Swekel v. City of River Rouge*, 119 F.3d 1259, 1263 (6th Cir. 1997) ("When the abuse transpires post-filing, the aggrieved party is already in court and that court usually can address the abuse, and thus, an access to courts claim typically will not be viable."). Because Plaintiff's claim remains pending, his claim for denial to access of the courts with regard to the pending habeas corpus case is not plausible, and it will be dismissed. *See Ross v. Clerk of Courts of the Court of Common Pleas of Philadelphia, Pa.*, Civ. A. No. 17-5012, 2017 WL 5505013, at *3 (E.D. Pa. Nov. 15, 2017) (inmate could not state a claim for denial of access to the courts when his petition for allowance of appeal was still pending before the Supreme Court of Pennsylvania), *aff'd on other grounds*, 726 F. App'x 864 (3d Cir. 2018) (per curiam).

### 2. Interference with Delaware Supreme Court Litigation

Plaintiff alleges that Martin intentionally misled Plaintiff that he properly copied a document[4] that Plaintiff intended to file with the Delaware Supreme Court in seeking a writ of mandamus in the *Matter of Weber*, 2018 WL 2446803, 189 A.3d 184 (Del. 2019) (table), but Martin did not copy the entire document and withheld this from Plaintiff. (D.I. 58 ¶¶ 49-50).

---

4  Although the Amended Complaint does not identify the document, Plaintiff's opposition to the motion to dismiss indicates the document is a court order describe as "the Delaware Supreme Court's earlier ruling nine years prior" in *Weber v. State*, 971 A.2d 135 (Del. 2009). (D.I. 77 at 18-19 & n.39).

8

Plaintiff alleges he was unsuccessful in his litigation as a direct result of Martin's alleged obstruction. (*Id.* ¶ 51).

Defendants argue that dismissal is appropriate because Plaintiff was fully able to access the courts. This Court takes judicial notice that the Delaware Supreme Court dismissed the petition when it concluded that the "petition manifestly fails to invoke the original jurisdiction of this Court." *Matter of Weber*, 2018 WL 2446803, at *1. The Delaware Supreme Court stated, "Weber has not satisfied the criteria for issuance of a writ of mandamus. He has not shown that the Superior Court arbitrarily refused to perform a duty owed to him. In addition, he could have filed a notice of appeal from the Superior Court's April 20, 2016 order, but did not do so. A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal." *Id.* at *2.

This claim, as alleged, is not cognizable. Although Plaintiff alleges that he could have satisfied the criteria for the issuance of a writ of mandamus, the Delaware Supreme Court held otherwise. Nothing in the Delaware Supreme Court decision indicates that the petition was denied because Plaintiff did not provide the entire document. To the contrary, the Delaware Supreme Court specifically referred to the 2009 ruling when it denied Plaintiff's petition for a writ of mandamus. *See Matter of Weber*, 2018 WL 2446803, at *1 n.3, 4, 5. This claim, as alleged, fails to state a claim upon which relief may be granted and will be dismissed.

### 3. Obstruction of Plaintiff's Statute of Limitations Argument

Plaintiff alleges that "Delaware state officials other than those named in the Amended Complaint" deprived Plaintiff of any remedy or process to challenge his felony conviction and the District Court dismissed the complaint in *Weber v. Quinlan*, Civ.A. No. 18-637-LPS, at D.I. 23,

24 (D. Del. June 12, 2018). (D.I. 58 ¶ 61). Defendants seek dismissal of this claim on the grounds that it was dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

This claim fails for several reasons. First, Plaintiff cannot suffer an actual injury having pursued a legally frivolous claim. Second, as alleged, the wrongdoing was due to the alleged actions of "Delaware state officials other than those named in the Amended Complaint" and not due to the alleged actions of any defendant named in this action. Finally, when Plaintiff commenced this action, the matter was on appeal before the United States Court of Appeals for the Third Circuit, *Weber v. Quinlan*, No. 18-2559. On November 8, 2019, the Third Circuit affirmed the district court rulings. *See Weber v. Quinlan*, 792 F. App'x 214 (3d Cir. 2019). The matter, however, remains pending, Plaintiff having filed a petition for writ of certiorari before the United States Supreme Court, *Weber v. Quinlan*, No. 20-7054 (U.S. Jan. 21, 2021). Accordingly, the claim will be dismissed.

### 4. Obstruction of Plaintiff's Motion for Postconviction Relief signed March 29, 2019[5]

Plaintiff alleges that in March of 2019 he became aware of an exception to *res judicata* and the law of the case doctrine that would allow him to challenge rulings against him in previous postconviction cases. (D.I. 59 ¶ 72). The Amended Complaint alleges that Defendants Little, Engram, and Martin prevented Plaintiff from presenting the argument due to interference and obstruction and particularly during the year following the February 1-2, 2017 JTVCC prison uprising when Defendants denied Plaintiff "any legal resources for over a year." (D.I. 58 ¶¶ 66, 71-74). Plaintiff alleges that shortly after the prison uprising a new policy was instituted that

---

[5] Plaintiff signed the motion for postconviction relief on March 29, 2019, it was filed on April 16, 2019, and Plaintiff filed a supplemental brief on June 26, 2019. *Weber v. Metzger*, C.A. No. 13-283-LPS, D.I. 114 at 82-121 (D. Del.).

10

permitted written requests for legal materials, that primarily consisted of court decisions. (*Id*. ¶ 32). Plaintiff found the policy "ineffectual and futile." (*Id.* ¶ 33). Plaintiff alleges the deprivation of legal resources prevented him from discovering the "changed circumstances" rule and, had he been afforded adequate access, he would have succeeded with his claim that the rule allowed the postconviction court to revisit his claim. (*Id.* ¶ 74).

Plaintiff further alleges that due to Defendants' obstruction of access to legal research materials and, notwithstanding his extraordinary diligence, he did not discover the existence of *McCoy v. Louisiana*, __U.S.__, 138 S.Ct. 1500 (2018)[6] until two months prior to his deadline to file his postconviction challenge. (D.I. 58 ¶¶ 76, 77). Plaintiff alleges his motion would have succeeded if not for Defendants' obstruction and interference with his ability to access legal research materials which frustrated his efforts to properly identify articulate, and present his claim. (*Id*. ¶ 80).

Finally, Plaintiff alleges that due to the obstructionist acts and omission of Little, Engram, and Martin, he was unable to properly, sufficiently, and effectively prepare his postconviction challenge" based upon *Parker v. State*, 201 A.3d 1181 (Del. 2019), decided by the Delaware Supreme Court on January 14, 2019.[7] (D.I. 58 ¶ 97).

Defendants argue that dismissal is appropriate when Plaintiff failed to show an "external impediment prevented him from presenting the argument earlier" and, he did not demonstrate prejudice. (D.I. 70 at 8).

---

[6] As explained by Plaintiff, "the new rule encompassed a fair trial violation due to trial counsel's refusal to present a renunciation defense notwithstanding Plaintiff's vociferous and adamant objections." (D.I. 58 ¶ 75).

[7] According to Plaintiff, the *Parker* decision reaffirmed the "single theft rule" which prohibits a defendant from being prosecuted for multiple theft offenses when there are multiple victims of the theft. (D.I. 58 ¶¶ 95, 96).

11

Based upon the allegations and taking judicial notice of court filings and rulings, this Court notes that Plaintiff's claim he was not allowed "any legal resources" for over a year is belied by his own allegations that rather than a denial of legal resources, the policy for access to legal resources was changed as a result of the 2017 prison uprising. Although Plaintiff may not have liked the new policy, he continued to have access to legal materials.

Plaintiff's claim that he could not properly present his claim based upon *McCoy* also fails. Plaintiff's second postconviction petition was pending when Plaintiff filed his Amended Complaint on March 25, 2020. As discussed above, this provides a ground to dismiss the claim. In addition, as alleged, Plaintiff was provided the *McCoy* case, did raise the *McCoy* case in his initial petition, and thoroughly discussed *McCoy* in his supplemental brief. The Delaware Supreme Court considered *McCoy* in its July 29, 2020 Order and found that it did not apply to Plaintiff's claim that his counsel should have pursued a particular defense at trial. *See Weber v. State*, No. 510, 2019 (Del. July 29, 2020). The claim will be dismissed.

Finally, Plaintiff's claim that he was unable to prepare his postconviction challenged based upon the *Parker* case fails. Plaintiff does not indicate when he became aware of the January 2019 *Parker* decision. The Amended Complaint alleges in a conclusory manner that Plaintiff was unable to prepare his postconviction challenge properly, sufficiently, and effectively under *Parker* due to the obstructionist acts and omissions of Little, Engram, and Martin. The allegations are deficient, however, because the Amended Complaint does not describe what these Defendants allegedly did or when the alleged acts or omissions occurred. The claim will be dismissed.

The Amended Complaint fails to state a claim of denial or interference with access to the courts. Accordingly, Defendants' motion to dismiss the claim will be granted.

### C. Retaliation

Defendants move to dismiss Plaintiff's retaliation claim on the grounds that Plaintiff failed to allege the elements of a retaliation claim. Conversely, Plaintiff contends he adequately pled retaliation and relies the allegations in the original complaint to support his position. (*See* D.I. 77 at 88 n.81, 82 [referring to original complaint D.I. 3 ¶¶ 98, 105]).

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). In order to establish a retaliation claim Plaintiff must show that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected activity was a substantial or motivating factor in the decision to discipline him. *See Watson v. Rozum*, 834 F.3d 417, 420 (3d Cir. 2016). The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001). When analyzing a retaliation claim, courts consider that the task of prison administrators and staff is difficult, and that the decisions of prison officials require deference, particularly where prison security is concerned. *Rauser*, 241 F.3d at 334.

Here, Plaintiff alleges that Little, Martin, Engram, and Doe retaliated against him for exercising his right to access the courts, for protesting inadequate law library legal resources and individuals' acts and omissions, while referring to paragraphs 1 through 127 of the Amended Complaint. (D.I. 58 ¶ 128). Second, Plaintiff alleges retaliation consisted of the failure to assist him with his legal filings and obstruction as described in grievances Plaintiff submitted after he filed the original complaint and refers to a grievance Plaintiff submitted on November 13, 2019 that complained he was only scheduled for one library session for the week of November 11, 2019. (D.I. 58 ¶ 129; D.I. 58-1 at 95-99).

As pled, the Amended Complaint fails to state a claim. The Amended Complaint is the operative pleading, and Plaintiff may not rely upon his allegation in the original complaint to defeat a motion that seeks to dismiss claims in the Amended Complaint. In addition, Defendants cannot be expected to read Plaintiff's mind to determine what he considers protected activities or adverse actions in paragraphs 1 through 127 of the Amended Complaint. Finally, the grievance upon which Plaintiff relies makes no reference to any of the named Defendants.

As pleaded, the Amended Complaint fails to state a retaliation claim. Defendants' motion to dismiss the claim will be granted.

### D.     Conspiracy to Discriminate

The Amended Complaint alleges violations of 42 U.S.C. § 1983(2) and (3) and § 1986. Plaintiff alleges "a conspiracy, motivated by a class based discriminatory animus designed to deprive, directly or indirectly, any person or class or persons to the equal protection of the laws." (D.I. 58 ¶ 3). He "further asserts acts of the defendants in furtherance of this conspiracy, and injury to person or property or the deprivation of any right or privilege of a citizen of the United States and the State of Delaware." (*Id.*). Plaintiff alleges Defendants and other unnamed

14

individuals "routinely collude" to deprive Plaintiff of adequate legal materials. (*Id*. ¶¶ 98-101). Plaintiff alleges that "none of the individual actors necessarily committed an unlawful act, but their acts taken in concert constitute a significant constitutional violation." (*Id.* ¶102).

Section 1985 is used when alleging a conspiracy. The Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). It is a well settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id*. at 726.

The Amended Complaint fails to state a cause of action for conspiracy under § 1985. There are no claims of racial or class-based discriminatory animus. Nor do prisoners constitute a protected class for Fourteenth Amendment purposes, *see Myrie v. Commissioner, N.J. Dep't of Corr.*, 267 F.3d 251, 263 (3d Cir. 2001), and Plaintiff has not alleged that he was treated differently from others who were similarly situated. *See Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment"). There are no facts alleged from which one could infer an agreement or understanding among Defendants to violate Plaintiff's constitutional rights, or to discriminate against him under § 1985. Notably, Plaintiff alleges that none of the individual defendants necessarily committed an unlawful act.

With regard to the § 1986 claims, a cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under § 1986. *Robison v. Canterbury Vill., Inc.,* 848 F.2d 424, 431 n.10 (3d Cir. 1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976).

Because Plaintiff has not pled a § 1985 violation under any viable legal theory, the claims under 42 U.S.C. § 1985 and § 1986 claim will be dismissed as frivolous under 28 U.S.C § 1915A(b)(1).

E.     **Eleventh Amendment**

Defendants move to dismiss the claims raised against them in their official capacities that seek monetary damages. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

The official capacities claims will be dismissed to the extent that Plaintiff seeks monetary damages from Defendants in their official capacities.

F.     **Supplemental State Claims**

Because the Amended Complaint fails to state federal claims, this Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. 28 U.S.C. § 1367; *De Asencio*

*v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016). Plaintiff may replead these claims if he chooses to file an Amended Complaint regarding his retaliation claims.

## IV. <u>CONCLUSION</u>

For the above reasons, this Court will: (1) grant Defendants' motion to dismiss the amended complaint (D.I. 70); (2) deny Plaintiff's motion to strike (D.I. 80); and (3) give Plaintiff 60 days leave to amend the retaliation claims.

An appropriate order will be entered.