IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL E. WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-867 (MN) |
| | ) |
| MICHAEL S. LITTLE, et al., | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM ORDER**</u>

At Wilmington this 21st day of January 2022:

Plaintiff Paul E. Weber ("Plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware commenced this action on June 12, 2018. (D.I. 3). On March 3, 2021, this Court granted Defendants' motion to dismiss the Amended Complaint. (D.I. 82, 82). Plaintiff moves for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.I. 86). Defendants oppose. (D.I. 88).

The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used

"as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

This Court's March 3, 2021 memorandum sets forth the facts of the case and provides analysis why it was appropriate to dismiss the Amended Complaint. In his motion, Plaintiff rehashes arguments raised previously, arguing that the Court's ruling "puts [Plaintiff] in a classic Catch-22 position" and "is rank speculation" (D.I. 86 at 2) and asks the Court to "rethink" its decision. Neither is grounds for reconsideration.

With respect to Plaintiff's claims related to his habeas litigation, Plaintiff states that "the habeas court has since denied Weber's request without prejudice to renew. The issue is no longer moot and the rationale of this Court's decision is no longer valid." (D.I. 86 at 2). In the March 3, 2021 opinion, however, the Court dismissed Plaintiff's claim for denial to access of the courts with regard to his habeas corpus case because Plaintiff was actively litigating his claims, not because the habeas court had not yet reached a decision on those claims. Plaintiff filed his claims alleging denial of access to the courts after he filed his habeas corpus petition and continued to pursue his habeas corpus petition while the instant matter was pending. Plaintiff had full access to the court in his habeas proceeding, and the denial of his petition does not render this Court's ruling invalid.

With respect to Plaintiff's reiterated claims for denial of access of the courts in his Delaware Supreme Court litigation (D.I. 86 at 2–3), Plaintiff maintains that his petition for a writ of mandamus was denied because he did not include a copy of a previous court order. (D.I. 86

2

at 2–3). As the Court noted in its March 3, 2021 opinion, however, "[n]othing in the Delaware Supreme Court decision indicates that the petition was denied because Plaintiff did not provide the entire document. To the contrary, the Delaware Supreme Court specifically referred to the 2009 ruling when it denied Plaintiff's petition for a writ of mandamus." (D.I. 82 at 9).

Finally, Plaintiff argues that the Court applied the wrong standard of law, taking issue with the Court's language when stating that he "was not denied access to the law library; rather his time was limited in a way that he personally found unacceptable, he is unhappy. . . ." (D.I. 86 at 3). Plaintiff complains that his "alleged unhappiness was never asserted in the complaint and in any event is irrelevant." (D.I. 86 at 3). That, however, misstates the law the Court applied in deciding the case. In referring to Plaintiff's unhappiness, the Court demonstrated how Plaintiff failed to prove that he was being deprived of the tools needed to attack his sentence or to challenge the conditions of his confinement and highlighted that instead, Plaintiff was complaining of an incidental consequence of incarceration. (D.I. 86 at 6).

Plaintiff has failed to show that there is an intervening change in controlling law, new evidence, or the need to correct a clear error of law or fact to prevent manifest injustice. THERFORE, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (D.I. 86) is **DENIED.**

                                                                                      The Honorable Maryellen Noreika
United States District Judge